UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:08CV-P3-S

**GARRY BRENT BROCK**                                                                          **PETITIONER**

**v.**

**TOM DAILY, WARDEN**                                                                          **RESPONDENT**

**MEMORANDUM OPINION**

Petitioner Garry Brent Brock filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concluded that the petition appeared to be time barred and directed Petitioner to show cause why the action should not be dismissed. Petitioner did not respond. Because the Court concludes that the petition is barred by the statute of limitations, the Court will deny the petition, dismiss the action, and deny a certificate of appealability.

**I.**

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the provisions of that Act apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute, § 2244(d), provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Here, the first circumstance applies, and the statute of limitations began to run at "the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

A review of the petition and attached state court documents reveals that following Petitioner's guilty plea in July 2002, the Jefferson Circuit Court entered a judgment of conviction on September 26, 2002, sentencing Petitioner to a total of 20 years of imprisonment.[1] Because Petitioner did not file a direct appeal, his conviction became final on October 28, 2002,[2] at the expiration of the thirty-day period during which he could have filed a direct appeal. *See* Ky. R. Crim. P. 12.04(3) ("The time within which an appeal may be taken shall be thirty (30)

---

[1] As to 01-CR-1879, Petitioner was convicted of Unlawful Transaction With a Minor-II (2 Counts as amended), Rape-III (as amended), and Sodomy-III (3 Counts as amended). As to 01-CR-2861, Petitioner was convicted of Unlawful Transaction With a Minor-II (2 Counts as amended) and Possession of Matter Portraying a Sexual Performance by a Minor.

[2] Because the thirtieth day actually fell on Saturday, October 26, 2002, the thirty-day period did not expire until the following Monday, October 28, 2002. *See* Ky. R. Civ. P. 6.01.

days after the date of entry of the judgment or order from which it is taken."). The limitations period thus expired one year later on October 28, 2003, and Petitioner's filing of a Kentucky Rule of Civil Procedure (CR) 60.02 motion over three years later on November 28, 2006, did not restart the one-year period for filing a § 2254 petition. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . revive the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998) (internal quotation marks omitted)).

Because Petitioner's § 2254 petition was filed on December 27, 2007,[3] over four years following the expiration of the limitations period, it is untimely under the statute, and Petitioner has not alleged any circumstances appropriate for applying the doctrine of equitable tolling. *Dunlap v. United States*, 250 F.3d 1001 (6th Cir. 2001). The petition must, therefore, be dismissed.

**II.**

Before Petitioner may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

---

[3]"Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266, 273 (1988)). Petitioner certifies that his petition was delivered to the prisoner mail system for mailing on December 27, 2007.

When a district court denies a habeas petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id*. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its procedural ruling to be debatable. Thus, a certificate of appealability must be denied.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Petitioner *pro se*
 Counsel of Record
4411.005

4